## UNITED STATES BANKRUPTCY COURT
NORTHERN   **DISTRICT OF** ILLINOIS

EASTERN DIVISION

In re:   LINDA W. DOBSON

§   Case No. 16-10852
§       Hon. JACK B. SCHMETTERER
§       Chapter 7
§

Debtor(s)

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7___ of the United States Bankruptcy Code was filed on 03/30/2016_____ .

The undersigned trustee was appointed on 03/30/2016_____ .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                $30,000.00

Funds were disbursed in the following amounts:

Payments made under an interim distribution
Administrative expenses
Bank Service Fees                                $76.65
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of [1]                 $29,923.35

The remaining funds are available for distribution.

**UST Form 101-7-TFR (5/1/2011)**

5.   Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.   The deadline for filing non-governmental claims in this case was 08/19/2016 and the deadline for filing governmental claims was 09/26/2016 .  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.   The Trustee's proposed distribution is attached as **Exhibit D**.

8.   Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,750.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $3,750.00 , for a total compensation of $3,750.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 , and now requests reimbursement for expenses of $36.35 , for total expenses of $36.35 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/27/2016         By: /s/ ALLAN J. DeMARS
                                        Trustee

**STATEMENT**:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

EXHIBIT "A" FORM 6

## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No.  16-10852

Case Name: LINDA W. DOBSON

For Period Ending: 3/31/17

Trustee Name:  Allan J. DeMars

Date Filed (f) or Converted (c): 3/30/16 (F)

§341(a) Meeting Date:  5/11/16

Claims Bar Date:  8/19/16; GOVT 9/26/16

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | residence at 3218 S. Canal Chicago, IL | 780,000.00 | 0.00 | | | FA |
| 2 | time share | 2,000.00 | 0.00 | | | FA |
| 3 | 2013 Hyundai Sonata | 10,100.00 | 0.00 | | | FA |
| 4 | 2004 Land Rover | 6,593.00 | 4,193.00 | | 4,193.00 | FA |
| 5 | 2011 Mini Cooper | 6,537.00 | 3,293.43 | | 3,293.43 | FA |
| 6 | furnishings | 1,000.00 | 1,000.00 | | 1,000.00 | FA |
| 7 | electronics | 1,000.00 | 1,000.00 | | 1,000.00 | FA |
| 8 | clothes | 500.00 | 0.00 | | | FA |
| 9 | jewelry | 5,500.00 | 11,150.00 | | 11,150.00 | FA |
| 10 | furs | 2,755.00 | 255.00 | | 255.00 | FA |
| 11 | cash | 0.00 | 0.00 | | | FA |
| 12 | US Bank checking acct | 1,193.30 | 5,673.38 | | 5,673.38 | FA |
| 13 | Linda's Pharmacy | 0.00 | 3,435.19 | | 3,435.19 | FA |
| 14 | 401k | 60,000.00 | 0.00 | | | FA |
| 15 | Erie Ins. term policy | 0.00 | 0.00 | | | FA |

TOTALS (Excluding unknown values)                                    30,000.00                    30,000.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing: SALE OF RIGHT, TITLE and INTEREST IN NON and PARTIALLY EXEMPT ASSETS
Initial Projected Date of Final Report (TFR):      9/2016          Current Projected Date of Final Report (TFR):   9/16/2016

EXHIBIT "B"   FORM 2

## CASH RECEIPTS AND DISBURSEMENT RECORDS

Case No.: ___16-10852___                             Trustee's Name: __Allan J. DeMars__
Case Name: __LINDA W. DOBSON__                       Bank Name: __ASSOCIATED BANK__
Taxpayer ID#: __xx-xxx8127__                         Initial CD #: __CDI__
For Period Ending: ___3/31/17___                     Blanket bond (per case limit): __5,000,000__
                                                     Separate bond (if applicable): _____
                                                     Checking acct#: __XXXXXXX7351__

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 6/22/16 | Ref 4 5 6 7 9 10 | from debtor | right, title and interest in 2004 Land Rover $4193.00 2011 Mini Cooper $3293.43 furnishings $1000.00 electronics $1000.00 jewelry $258.57 furs $255.00 DOCKET 24 | 1129-000 | 10,000.00 | | 10,000.00 |
| 7/15/16 | | Associated Bank | check printing bank service charges | 2600-000 2600-000 | | 15.00 46.65 | 9,938.35 |
| 7/20/16 | Ref 9 | from debtor | right, title and interest in jewelry DOCKET 24 | 1129-000 | 10,000.00 | | 19,938.35 |
| 8/12/16 | | Associated Bank | bank service charges | 2600-000 | | 15.00 | 19,923.35 |
| 8/22/16 | Ref 9 12 13 | from debtor | right, title and interest in jewelry $891.43 US Bank checking acct $5,673.38 Linda's Pharmacy $3,435.19 | 1129-000 | 10,000.00 | | 29,923.35 |
| | | | | | | | |

COLUMN TOTALS        30,000.00      76.65      29,923.35
Less: Bank transfers/CD      _____
Subtotal
Less: Payments to debtor(s)
Net                          30,000.00      76.65      29,923.35

                                         NET
TOTAL - ALL ACCOUNTS        NET DEPOSITS    DISBURSEMENTS    BALANCES

| | | |
|---|---|---|
| Checking# | 30,000.00 | 76.65 | 29,923.35 |
| Money Market # | | | |
| Savings # | | | |
| CD #CDI | | | |
| Net | 30,000.00 | 76.65 | 29,923.35 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: August 19, 2016

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DISTRIBUTION |
|---|---|---|---|---|
| | | UNSECURED CLAIMS | | |
| 1 | 6/1/16 | Discover Bank | 14,689.57 | 1,726.58 |
| 2 | 6/21/16 | Citizens Bank NA | 23,234.09 | 2,730.89 |
| 3 | 6/21/16 | Citizens Bank NA | 14,912.13 | 1,752.74 |
| 4 | 6/22/16 | Citizens Bank NA | 11,414.90 | 1,341.68 |
| 5 | 6/22/16 | Citizens Bank NA | 10,621.33 | 1,248.41 |
| 6 | 6/23/16 | Citizens Bank NA | 14,748.75 | 1,733.54 |
| 7 | 7/28/16 | US Bank NA | 6,643.30 | 780.84 |
| 8 | 8/11/16 | Pen Fed Credit Union | 10,538.31 | 1,238.65 |
| 9 | 8/15/16 | Citibank NA | 24,859.69 | 2,921.96 |
| 10 | 8/19/16 | Law Firm of Barry Greenburg | 65,248.83 | 7,669.21 |
| | | | | |
| | | | 196,910.90 | 23,144.50 |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 16-10852

Case Name: LINDA W. DOBSON

Trustee Name: Allan J. DeMars

**Balance on hand:** $29,923.35

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00

Remaining balance: $29,923.35

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Trustee, Fees* ALLAN J. DeMARS | $3,750.00 | $0.00 | $3,750.00 |
| *Trustee, Expenses* ALLAN J. DeMARS | $36.35 | $0.00 | $36.35 |
| *Attorney for Trustee, Fees* ALLAN J. DeMARS | $2,992.50 | $0.00 | $2,992.50 |
| *Attorney for Trustee, Expenses* ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| *Accountant for Trustee, Fees* | | | |
| *Accountant for Trustee, Expenses* | | | |
| *Auctioneer, Fees* | | | |
| *Auctioneer, Expenses* | | | |
| *Charges, U.S. Bankruptcy Court* | | | |
| *Fees, United States Trustee* | | | |
| *Other* | | | |

Total to be paid for chapter 7 administrative expenses : $6,778.85

Remaining balance: $23,144.50

**UST Form 101-7-TFR (5/1/2011)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for*        *, Fees* | | | |
| *Attorney for*        *, Expenses* | | | |
| *Accountant for*        *, Fees* | | | |
| *Accountant for*        *, Expenses* | | | |
| *Other* | | | |

Total to be paid for prior chapter administrative expenses: $0.00

Remaining balance: $23,144.50

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00

Remaining balance: $23,144.50

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $196,910.90 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 11.8 percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $14,689.57 | $0.00 | $1,726.58 |
| 2 | Citizens Bank NA | $23,234.09 | $0.00 | $2,730.89 |
| 3 | Citizens Bank NA | $14,912.13 | $0.00 | $1,752.74 |
| 4 | Citizens Bank NA | $11,414.90 | $0.00 | $1,341.68 |
| 5 | Citizens Bank NA | $10,621.33 | $0.00 | $1,248.41 |
| 6 | Citizens Bank NA | $14,748.75 | $0.00 | $1,733.54 |
| 7 | US Bank NA | $6,643.30 | $0.00 | $780.84 |
| 8 | Pen Fed Credit Union | $10,538.31 | $0.00 | $1,238.65 |
| 9 | Citibank NA | $24,859.69 | $0.00 | $2,921.96 |
| 10 | Law Office of Barry Greenburg | $65,248.83 | $0.00 | $7,669.21 |

Total to be paid for timely general unsecured claims: $23,144.50

Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00

Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ 0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00

Remaining balance: $0.00